UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BLAKE CORMIER ET AL**        **CASE NO. 6:21-CV-03634**

**VERSUS**        **JUDGE TERRY A. DOUGHTY**

**SOUTHERN FIDELITY INSURANCE CO**        **MAGISTRATE JUDGE DAVID J. AYO**

## REPORT AND RECOMMENDATION

Before the Court is a motion for leave to amend filed by plaintiffs Lisa and Blake Cormier ("Plaintiffs"). (Rec. Doc. 31). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be GRANTED and that Plaintiffs' suit be REMANDED to state court.

### Factual Background

Plaintiffs filed this insurance coverage suit in the 27th Judicial District Court for the Parish of St. Landry, Louisiana against their insurer, Southern Fidelity Insurance Company ("SFIC"). (Rec. Doc. 1-2). Plaintiffs allege their insured property at 145 Canal Street in Port Barre, Louisiana sustained damage on or about December 19, 2020 from wind damage and resulting water intrusion. (Rec. Doc. 31-2 at ¶ 3). Plaintiffs seek compensatory damages, as well as statutory penalties for what they allege is SFIC's arbitrary, capricious, and bad faith conduct in failing to tender any sum under the policy during the time since Plaintiffs' claim was filed. (Rec. Doc. 31-2 at ¶ 5). SFIC removed Plaintiffs' suit on the basis of diversity jurisdiction, asserting Plaintiffs are Louisiana citizens while SFIC is a citizen of Florida. (Rec. Doc. 1 at pp. 2-3). Plaintiffs' instant motion asserts that SFIC was declared insolvent on or about June 15, 2022 by the Circuit Court of the

Second Judicial Circuit in and for Leon County, Florida. (*Id.* at ¶ 9). Citing the Louisiana Insurance Guaranty Act ("Act"), La. R.S. 22:2051, *et seq.*, Plaintiffs now seek leave to amend to add the Louisiana Insurance Guaranty Association ("LIGA") as a defendant in this case. (*Id.* at ¶ 10).

SFIC's removal of this suit alleged subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (Rec. Doc. 1 at ¶¶ 15-18). Diversity jurisdiction requires complete diversity among the parties. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

Plaintiffs are citizens of St. Landry Parish, Louisiana. (Rec. Doc. 31-2 at p. 1). At the time Plaintiffs' suit was filed, SIFC was a foreign insurer, organized under the law of the State of Florida with its principal place of business in Florida and licensed to do business in the State of Louisiana. (Rec. Doc. 1 at ¶ 17). Plaintiffs' complaint alleged damages exceeding the $75,000 jurisdictional threshold. (Rec. Doc. 1-2 at ¶ 7). Considering these allegations, diversity jurisdiction was established to this Court's satisfaction.

Pursuant to La. R.S. 22:1056(A), proposed defendant LIGA was established in 1970 as a "private unincorporated legal entity." All insurers "licensed and authorized to transact insurance in [Louisiana]" and that have "written at least one policy of insurance" subject to regulation by Louisiana's insurance law are "member insurers" of LIGA. La. R.S. 22:2055(10)(a). As an unincorporated "artificial entity[,]" for diversity jurisdiction purposes, LIGA is a citizen of each state in which each of its member insurers is a citizen. *Temple Drilling Co. v. Louisiana Ins. Guar.*

2

*Ass'n.*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes. *See Schubiger v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-1853, 2023 WL 2603752 (W.D. La. 3/22/23) (denying LIGA's motion to intervene as of right based on a finding of insufficient interest and suggesting substitution of LIGA for the insolvent insurer based on the view that LIGA is the "statutory successor in interest" to its insolvent member insurers); *Keiffer v. Southern Fidelity Insurance Company*, Civ. Act. No. 22-CV-863, 2023 WL 157631 (E.D. La. 1/11/23) (granting plaintiff's motion to remand based upon plaintiff's amended complaint adding LIGA, a Louisiana citizen for diversity purposes, as a defendant and destroying the court's subject matter jurisdiction); *Derouen v. Anco Insulations, Inc.*, Civ. Act. No. 21-CV-215, 2021 WL 4450238 (M.D. La. 8/27/21) (recommending remand because of the presence of non-diverse defendants in plaintiff's suit, including LIGA) (report and recommendation adopted at 2021 WL 4444721 (M.D. La. 9/28/21)).

Plaintiffs' motion to add LIGA as a defendant is based on SFIC's insolvency, as declared by the Second Judicial Circuit Court for Leon County, Florida by liquidation notice dated on or about June 15, 2022. (Rec. Doc. 31-2 at ¶ 9). Pursuant to La. R.S. 22:2058(A), Plaintiffs' suit against a now-insolvent insurer is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008. LIGA is an independent party not bound by the answer of its insolvent member insurer in any suit. LIGA may, however, assert all defenses to coverage available to its insolvent member insurer. La. R.S. 22:2058(A)(6)(a)(iii); *U.S. for the Use and Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 169 (5th Cir. 1990) (noting LIGA's right to assert all defenses available to an insolvent member insured);

3

Stephanie B. Laborde, James E. Moore, Jr., Heather Landry, *The DEF's of LIGA: An Update to the ABC's of LIGA*, 77 La. L. Rev. 997, 1017-18 (2017).  For these reasons, this Court agrees that Plaintiffs successfully allege the advent of a claim against LIGA under the Louisiana Insurance Guaranty Association Act, to which LIGA may respond.  Fed. R. Civ. P. 19 and LIGA's enabling law make it clear, however, that LIGA is not an indispensable party and LIGA's obligation as a reinsurer is not dependent upon its inclusion in any underlying suit against its insolvent member insurer.  La. R.S. 22:2058(A)(6)(b).

Considering LIGA's Louisiana citizenship, Plaintiffs' requested relief will destroy the Court's subject matter jurisdiction over this case.  Where, as here, the addition of a non-indispensable party will result in destruction of jurisdiction, courts must consider the factors enumerated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  The relevant factors include: (1) whether the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factor bearing on the equities of the case. *Id.*

Applying the *Hensgens* factors to the instant case, this Court finds that Plaintiffs' motion to amend was prompted by the post-filing insolvency of its insurer and was not undertaken for the purpose of defeating diversity jurisdiction.  Next, this Court finds the delay of approximately three months between the date of the filing of the notice of liquidation and Plaintiffs' instant motion is not unreasonable, particularly in light of the Florida court's stay of claims.  As did the Eastern District of Louisiana in *Soza v. Southern Fid. Ins. Co.*, Civ. Act. No. 22-cv-1400, 2023 WL 2770125 *5 (E.D. La. 4/4/23), this Court also finds that denial of Plaintiffs' motion would result in prejudice, since Plaintiffs articulated a viable claim against LIGA arising from the same facts

upon which his claims against their insurer are based.[1]  Finally, denial of Plaintiffs' motion may result in undue delay in adjudication of the totality of Plaintiffs' claims in this case, since LIGA's obligation is not necessarily identical to the scope of such claims.  Efficient adjudication of Plaintiffs' claims is advanced by enabling all claims and defenses to be asserted against all relevant defendants in a single suit.  For these reasons, the *Hensgens* factors support Plaintiffs' request for relief and this Court will recommend that Plaintiffs' motion be granted.

Having found that Plaintiffs' motion to join LIGA as a party defendant should be granted and that such relief destroys the Court's diversity jurisdiction in this case, this Court will further recommend that Plaintiffs' suit be remanded to the state district court from which it was removed, pursuant to 28 U.S.C. § 1447(e).  *Doleac ex rel. Doleac v. Michalson, Cobb v. Delta Exports, Inc.*, 264 F.3d 470, 475 (5th Cir. 2001); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

Plaintiffs previously filed a motion to substitute LIGA in place of defendant SFIC.  (Rec. Doc. 25).  As noted in Plaintiffs' instant motion, relief granted under Plaintiffs' motion to amend renders the prior motion moot.  This Court will recommend that it be so noted in the record of the case.

## Conclusion

For the reasons discussed herein, this Court recommends that Plaintiffs' motion for leave to amend (Rec. Doc. 31) be GRANTED and, considering that the joinder of LIGA as a party defendant destroys the Court's subject matter jurisdiction, that Plaintiffs' suit be REMANDED to the 27th Judicial District Court for St. Landry Parish, Louisiana pursuant to 28 U.S.C. § 1447(e).

---

[1] This Court concurs with the Eastern District's observation that claims asserted against an insurer later deemed insolvent may no longer be asserted against that insurer, but notes such claims survive and are properly asserted against the receiver or liquidator pursuant to La. C. Civ. P. 740, which designates the receiver or liquidator as the proper party defendant for insolvent corporations.

It is further recommended that Plaintiffs' prior motion to substitute (Rec. Doc. 25) be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 2nd day of May, 2023.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**